## John Hipps et al. *v* George P. Wardle for Use, etc.

Upon trial of an issue framed after judgment opened, the plaintiff may send out with the jury a statement of the damages claimed.

Where a judgment is substituted for a promissory note, parol evidence is admissible to show the indorsements on the latter.

Where fraud is alleged it must be affirmatively proved.

(Decided October 26, 1885.)

Error to the Court of Common Pleas of Cambria County. Affirmed.

In March of 1872 and September of 1873, H. B. Kinports, B. F. Douglass, and James A. McGee purchased certain tracts of timber land from Robert McKaig and E. H. Wilson, amounting in all to 300 or 400 acres. Shortly after, the grantees commenced to improve the property by the erection of a sawmill, dwelling houses, and other buildings. In November of 1873 judgments for $40,000 or $50,000 were entered against the grantees, who were indebted for other large amounts. Five other persons afterwards purchased interests in the property, and the business was carried on under different firm names by these persons until April 7, 1875. One then withdrawing, a limited partnership was formed, and all of the property valued at $180,000, the shares being of $1,000 each, "full paid up agreeably to the provisions of the articles of association." Four of the members of this partnership, on August 31, 1875, sold a one-sixth interest to Hipps and Lloyd for $25,000, which was evidenced by 30 shares, they to pay $17,000 in notes of the vendors, and give two notes for $4,000 each at twelve and

NOTE.—For the burden of proof where judgment is opened, see note to Roenigk's Appeal, *post,* 284. For proof of fraud see note to Schack v. Louchheim, *ante,* 111. Permission may be given to send out with the jury an itemized statement of claim in an action of debt (Com. use of Bellas v. Lebo, 13 Serg. & R. 175; Frazier v. Funk, 15 Serg. & R. 26; Little Schuylkill Nav. R. & Coal Co. v. Richards, 57 Pa. 148, 98 Am. Dec. 209) ; or in an action of replevin (Phillips v. Stroup, 1 Monaghan (Pa.) 517, 17 Atl. 220) ; or in proceedings to assess damages for opening a street (Allen v. Philadelphia, 1 Pa. Dist. R. 216) ; or in trespass (Ege v. Kille, 84 Pa. 333; Blight v. Ewing, 26 Pa. 135). But it has been said that this practice is not to be commended in such case. Rowand v. Clark, 34 Phila. Leg. Int. 232. In any case it seems to be within the discretion of the court. Whitehall Mfg. Co. v. Wise Bros. 119 Pa. 484, 13 Atl. 298.

fourteen months. One of these was made payable to J. M. Kin-
ports, and the other to H. B. Kinports. One was paid, and be-
fore the other became due, or its renewal, encumbrances upon
the real estate remained unpaid, and interest accumulated. The
unpaid note was assigned to Wardle as collateral security for a
debt due him by H. B. Kinports, a payee in the note, the de-
livery being made by Porter Kinports for the latter. Sub-
sequently, the note was returned to Porter Kinports, who met
Hipps & Lloyd and agreed to buy for them certain stock of the
company then offered for sale, and they then took up the
old note, and gave a new one drawn to the order of Wardle,
although he was not present, and judgment was entered
on the same. Kinports made no effort to buy in the stock re-
ferred to at the sale. Finally, the entire property was sold by
the sheriff on the judgments entered as above stated.

Hipps & Lloyd having derived their interest in the property
from H. B. Kinports, one of the defendants in the encum-
brances upon which the property was sold, as well as from B. T.
Douglass, another of the defendants, and who, it was falsely
alleged, had given collateral to the lien creditors, asked to have
the judgment opened for failure of consideration.

Evidence was offered to show that H. B. Kinports was not
indebted to Porter Kinports at the time the note was given to
him, and that the latter had falsely induced Hipps & Lloyd to
purchase an interest in a failing and worthless concern. The
plaintiff below contended that he was an innocent purchaser
of negotiable paper for value.

The court permitted evidence to be received showing the in-
dorsement upon the promissory note, in place of which the
judgment was given. It instructed the jury that it must find
that fraud was affirmatively shown to set aside the judgment as
fraudulent. The jury was also permitted to take with them
a calculation of damages prepared by the plaintiff.

*George M. Reade, J. C. Early,* and *T. R. Scanlan* for plain-
tiffs in error.

*W. Horace Rose, Wm. H. Sechler,* and *M. D. Kittell* for de-
fendant in error.

PER CURIAM:
We see no error in the admission, nor in the rejection, of

evidence.   The charge presents the case fairly and correctly. The points were well answered.   The case was well tried, and the judgment should not be disturbed.

Judgment affirmed.